IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTWAN L. RICHARDSON,                       )
                                            )
                 Plaintiff,                 )
                                            )
        v.                                  )    Civil Action No. 2:25-cv-448
                                            )    Judge Stephanie L. Haines
C.O. PUSHEY, *et al.*,                       )    Magistrate Judge Keith A. Pesto
                                            )
                 Defendants.                )
                                            )

## MEMORANDUM ORDER

Presently before the Court is a Complaint filed by *pro se* Plaintiff, Antwan Richardson

("Plaintiff") (ECF No. 4) alleging claims pursuant to 42 U.S.C. § 1983 against Correctional

Officers Pushey, Hinebaugh, and Divens, and Deputy Warden Buzas (collectively "Defendants").

Plaintiff is a state prisoner incarcerated at the State Correctional Institution Greene ("SCI-

Greene"). He contends that the Defendants violated his First and Eighth Amendment rights by

subjecting him to cruel and unusual punishment, being deliberately indifferent to his need for

medical care, retaliating against him, and by denying his access to counsel and the courts. (*Id.* at

4).

This matter was referred to Magistrate Judge Pesto for proceedings in accordance with the

Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge Pesto

screened Plaintiff's Complaint under 28 U.S.C. § 1915A and issued a Report and Recommendation

recommending that Plaintiff's Complaint be dismissed as frivolous without leave to amend. (ECF

No. 7). After careful review, the Court will adopt the Report and Recommendation.

### A.    Standard of Review

The Prisoner Litigation Reform Act ("PLRA") requires courts to screen complaints brought

by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to state a claim on which relief may be granted.[1]  28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted.  "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  Applying this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678-79 (citations omitted).  Mere "possibilities" of misconduct are insufficient. *Id.* at 679.  Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held

---

[1]      *See* ECF No. 1, Plaintiff's Motion for Leave to Proceed *in forma pauperis*.  Memorandum Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2).

to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

**B.    Discussion**

Plaintiff asserts claims for violations of his First and Eighth Amendment rights. (ECF No. 4 at 4). His First Amendment claims are for retaliation and his Eighth Amendment claims are based on denial of medical care and deliberate indifference. (*Id.*). He alleges that he sustained headaches, migraines, neurological injuries, and "other unknown adverse side effects" as a result of certain defendants pumping "toxic fumes" into his cell. (*Id.* at 6). He seeks 10 million dollars in damages, in addition to punitive damages, an immediate transfer, and outside medical treatment. (*Id.*).

Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 7) recommending that Plaintiff's Complaint (ECF No. 4) be dismissed in its entirety without leave to amend. He also recommended that Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 5) be denied. Plaintiff was advised of the fourteen-day time period to file objections to the Report and Recommendation. (ECF No. 7 at 6); *see* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed a motion for an extension to reply to the Report and Recommendation and to appoint counsel (ECF No. 9), which Judge Pesto denied. (ECF No. 10). Plaintiff filed no objections to the Report and Recommendation.

Upon review under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of Magistrate Judge Pesto.

The Court dismisses Plaintiff's claims as they are based on a delusional factual scenario. Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A, a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (affirming dismissal of a suit as frivolous where it alleged that prison officials took an inmate's pen and refused to give it back); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining that where a complaint alleges facts that are "clearly baseless," "fanciful" or "delusional," it may be dismissed as frivolous); *Pavalone v. Bush*, No. 3:11-1620, 2012 WL 1569614, at *1 (M.D. Pa. Mar. 27, 2012), *report and recommendation adopted by Pavalone v. Bush*, No. 3:11-cv-1620, 2012 WL 1569791, at *1 (M.D. Pa. May 3, 2012) (stating "[w]ithin the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.") (citations omitted). A "fantastic" or "delusional" factual scenario is one where "the facts alleged rise to the level of irrational or the wholly incredible[.]" *Denton*, 504 U.S. at 33.

Here, Plaintiff claims that "truth serum" and toxic chemicals are being pumped into his cell and are causing him to have headaches, migraines, loss of sleep, neurological problems, "and other unknown adverse side effects that may be irreversible." (ECF No. 4 p. 11). He alleges that Defendants have acted deliberately indifferent to his side effects by throwing away his sick-call forms and refusing to investigate any of the abuse complaints and abuse hotline calls he has made. (*Id.* p. 12-15). He further alleges that certain defendants are retaliating against him by tampering with his grievances and giving him "fake receipts" for such grievances. (*Id.* p. 11-12). These grievances contain complaints about the toxic fumes as well as allegations that certain defendants paid inmates to stab him in the neck and delay medical. (*Id.* p. 6-7).

4

Plaintiff presents the quintessential type of "delusional" allegations that district courts cannot waste judicial resources entertaining. *See Allen v. SCI Rockview, et al.*, No. 4:25-cv-01156, 2025 WL 3015789, at *3 (M.D. Pa. Oct. 28, 2025) (dismissing as delusional plaintiff's claims that officials have been pumping unknown gas into his cell and body to "achieve a neural hijacking").

Additionally, the Third Circuit instructs that "if a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citations omitted). Here, as shown above, amendment would be futile because Plaintiff's allegations are delusional in nature. As such, Plaintiff's Complaint will be dismissed with prejudice because amendment is futile.

Further, the Court denies Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order. (ECF No. 5). In order to obtain a temporary restraining order, a plaintiff must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the plaintiff, (3) granting the injunction will not result in irreparable harm to the defendants and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (citations omitted) (emphasis added).

Here, Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order raises similarly fantastic and implausible claims. (ECF No. 5). Specifically, Plaintiff again avers that Defendants are continuing to harm him by pumping "truth serum" into his cell and that C.O. Pushey has paid inmates to stab him. (*Id.* ¶¶ 1, 3). He also repeats allegations that his medical request forms and abuse hot-line calls have been ignored. (*Id.* ¶ 2). Further, Plaintiff states that this constant abuse is causing him mental distress as he is living in fear for his life and that these actions will not cease absent court intervention. (*Id.* ¶ 4-5). Plaintiff's fantastic and delusional allegations lead the Court to conclude that Plaintiff is unlikely to succeed on the merits of his claims. His allegations rise to the level of "wholly incredible[.]" *Denton*, 504 U.S. at 33. Because Plaintiff did not demonstrate a likelihood of success on the merits, the Court need not address the other injunction factors. *American Exp. Travel Related Servs, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012) (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)) (noting "[t]he moving party's failure to show a likelihood of success on the merits 'must necessarily result in the denial of a preliminary injunction.'").

## C.    Conclusion

Based on the foregoing, the Court will dismiss with prejudice Plaintiff's complaint (ECF No. 4) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and deny Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (ECF No. 5). An appropriate Order follows.

## ORDER

AND NOW, this 1st day of December, 2025, IT IS ORDERED that Magistrate Judge

Pesto's Report and Recommendation (ECF No. 7) is adopted as the Opinion of the Court, as

supplemented herein; and

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 4) is hereby

DISMISSED WITH PREJUDICE; and

IT IS FURTHER ORDERED that Plaintiff's Motion for a Preliminary Injunction and

Temporary Restraining Order (ECF No. 5) is DENIED; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Antwan L. Richardson QC-5728
S.C.I. Greene
169 Progress Drive
Waynesburg, PA 15370
Pro Se